# TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
## ATTORNEYS AT LAW

100 JERICHO QUADRANGLE, SUITE 309
JERICHO, NEW YORK 11753-2702

TELEPHONE: (516) 240-8900
FACSIMILE:  (516) 240-8950

September 28, 2012

Steven H. Rittmaster
srittmaster@tlggr.com

BY FEDERAL EXPRESS

Judge William H. Pauley III
United States District Court
500 Pearl Street
Room 1360
New York, NY 10007

      Re: The Hanover Insurance Company v.
          Smith Brothers Insurance, Inc. and James Bartlett Nelson
          Civil Docket No.:  12 Civ. 4548 (WHP)
          TLGGR File No.:  2044.016

Dear Judge Pauley:

    We are the attorneys for plaintiff The Hanover Insurance Company ("Hanover") in the captioned action.

    This action is scheduled for an Initial Pretrial Conference before your Honor on October 5, 2012 at 10:00 a.m. On behalf of counsel for plaintiff and the defendants, enclosed is a courtesy copy of the parties' Joint Report Pursuant to Rule 26(f).

                                              Respectfully,

                                              Steven H. Rittmaster

SHR:ec
Enclosure

cc (by email, w/ encl.):
    Jeffrey M. Kadish, Esq.
    Anthony J. Natale, Esq.

209810_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE HANOVER INSURANCE COMPANY,

                Plaintiff,

    -against-

SMITH BROTHERS INSURANCE, INC. and JAMES
BARTLETT NELSON,

                Defendants.

and

SMITH BROTHERS INSURANCE, INC. and JAMES
BARTLETT NELSON,

                Third Party Plaintiffs,

    -against-

CITADEL CONSTRUCTION CORP., DAVID P.
STACK, MOHHAMAD HASSANKHANI, EDWARD
ROMERO, F. ROBERT LASARACINA, CPA, LLC
and GORDON FAMILY TRUST,

                Third Party Defendants.
-----------------------------------------------------------------X

Case No.:
12-CV-4548(WHP)

**JOINT REPORT**
**PURSUANT TO RULE 26(f)**

To the Honorable William H. Pauley, III, U.S.D.J.:

      In accordance with the Court's Order for Initial Pretrial Conference dated July 10, 2012, counsel for plaintiff and defendants have conferred and hereby submit the following proposed joint report and discovery plan under Rule 26(f) of the Federal Rules of Civil Procedure:

209566_1

### I. Possibility of Prompt Settlement

Prior to the commencement of the action, plaintiff and defendants entered into a tolling agreement and engaged in a substantial exchange of documents and positions in an attempt to resolve this dispute. Discussions continued through early 2012.

### II. Third-Party Actions

Defendant Smith Brothers filed a third-party complaint on September 11, 2012, adding the following parties as third-party defendants: Citadel Construction Corp., David P. Stack, Mohhamad Hassankhani, Edward Romero, F. Robert LaSaracina, CPA, LLC and The Gordon Family Trust. To date, defendant Smith Brothers has served third-party defendants Stack and Hassankhani. None of the third-party defendants have appeared.

Defendant Nelson has filed its own third-party complaint adding the same parties. To date, defendant Nelson has not served any of the third-party defendants.

The below proposed discovery plan has not been discussed with any of the third-party defendants.

In addition, defendant Smith Brothers believes that Daniel Gordon is a necessary party. However, Gordon filed a petition under Chapter 7 of the U.S. Bankruptcy Code in the U.S. District Court, Southern District of New York, on October 19, 2009 (Case No. 09-16230-reg), which case is still pending.

With the exception of the potential joinder of Gordon by defendant Smith Brothers, the parties do not anticipate joining any additional parties at the present time.

### III. Motions

Defendants have advised of their intent to seek a stay of the action based on two

factors. First, defendants contend that Daniel Gordon is a necessary party and his pending bankruptcy proceeding prevents him from being joined. Second, defendant Nelson has been informed by the U.S. Attorney, Southern District of New York, that he is the subject of a criminal investigation in connection with some of the matters set forth in plaintiff's complaint.

Plaintiff intends to oppose any request for a stay of the action. Plaintiff is aware of a criminal investigation, but has no knowledge as to whether defendant Nelson is a target or subject of that investigation.

The parties are aware that the Court requires a pre-motion conference prior to the filing of any motion (except discovery motions and certain other motions enumerated in the Court's individual practices) and will be prepared to discuss with the Court at the October 5 conference whether such a conference is required in this instance.

## IV. Exchange of Initial Disclosures

The parties agree that initial disclosures required under Rule 26(a)(1) shall be served by the plaintiff and defendants on or before October 22, 2012. The parties are not requesting any changes to the disclosures under Rule 26(a)(1).

Any third-party defendants who appear will be advised that their initial disclosures are due within thirty days after being served in accordance with Rule 26(a)(1)(D).

## V. Preserving Discoverable Information

The parties have agreed to make efforts to preserve all discoverable information. The parties are aware of certain issues concerning their respective retention of electronically stored information ("ESI") prior to 2010.

## VI. Proposed Discovery Plan

1.  The parties have agreed that initial document demands and interrogatory requests shall be served on the parties by November 5, 2012, and written responses thereto shall be served within thirty days. Any initial document demands or interrogatories to be served on third-party defendants shall be served within thirty days of such third-party's filing of an answer to the third-party complaint.

2.  As the parties engaged in a substantial exchange of documents prior to commencement of the instant action, the parties have agreed that the non-privileged documents already exchanged will be deemed to have been produced in partial satisfaction of the document demands to be served under paragraph 1 above.

3.  The parties have agreed that further production of documents in response to the document demands served under paragraph 1 above shall occur on a rolling basis to be completed by January 4, 2013.

4.  A substantial portion of the documents previously exchanged were ESI. The parties have agreed that available, discoverable ESI will be produced in its native format to the extent available.

5.  The parties have not entered into any agreement relating to claims of privilege, including the procedure to follow for returning inadvertently produced materials, but do not anticipate any disputes in regard thereto.

6.  Plaintiff anticipates conducting between 6-8 depositions. Defendants are presently unable to determine with any degree of certainty how many depositions they intend to take and will not be able to do so until initial document discovery is completed.

However, defendants, based on the information previously provided and in good faith, believe that they will require between 12 and 15 depositions, some of which might be the same individuals that plaintiff has contemplated. Plaintiff has proposed that all depositions be completed by April 1, 2013. Defendants believe, given the number of parties and attorneys who will ultimately be involved and that several potential witnesses reside outside New York, that an April 1, 2013 deadline is overly ambitious and propose a deadline of July 1, 2013.

7. The parties anticipate that expert witnesses may be required. The parties have agreed that expert disclosure be completed, including contemporaneous exchange of reports and depositions of experts, within sixty days after completion of fact depositions.

8. The parties have agreed that all discovery shall be completed within fifteen days following expert depositions.

9. The parties shall submit to the Court for its approval a joint pretrial order within thirty days of the completion of all discovery in accordance with the Court's individual practices dated September 15, 2011.

10. The parties will be prepared to discuss the foregoing proposed schedule with the Court at the initial pretrial conference and the potential impact, if any, due to defendants' intent to move for a stay and the joinder of the third-party defendants.


Dated: Jericho, New York
September 28, 2012

Respectfully submitted,

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
*Attorneys for Plaintiff*
*The Hanover Insurance Company*

By: /s/ Steven H. Rittmaster
    Steven H. Rittmaster
    Lawrence S. Novak
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
(516) 240-8900

Golden, Rothschild, Spagnola, Lundell, Boylan & Garubo, P.C.
*Attorneys for Defendant*
*Smith Brothers Insurance, Inc.*

By: /s/ Jeffrey M. Kadish
    Jeffrey M. Kadish
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, New Jersey 08807
908-722-6300

Natale & Wolinetz
*Attorneys for Defendant*
*James Bartlett Nelson*

By: /s/ Anthony J. Natale
    Anthony J. Natale
750 Main Street, Suite 600
Hartford, Connecticut 06103
(860) 525-0400