# Golden, Rothschild, Spagnola, Lundell, Boylan & Garubo, P.C.

■ **Attorneys At Law**

Philip A. Lundell, Jr.°
E. Richard Boylan
Philip A. Garubo, Jr.
Catherine M. Shiels *†
Jeffrey S. Bell
Audrey L. Shields *
Eric S. Schlesinger †
Rey O. Villanueva †
Daniel B. McMeen *

Rosario M. Patane †
Jill A. Mucerino
Daniel C. Seger †
Erin L. Peters †
Russel V. Mancino °
Richard W. Englehardt, Jr.
Christopher A. Khatami
Kayla E. Rowe *
Eric Alvarez
Michael D. Sinai †

OF COUNSEL
Robert N. Golden
Kenneth R. Rothschild °†
Gary S. Spagnola °
Robert D. Rosenwasser
Jeffrey M. Kadish °†
Mark D. Kleczka (NY BAR ONLY)

° CERTIFIED CIVIL
   TRIAL ATTORNEY
† ALSO MEMBER NY BAR
* ALSO MEMBER PA BAR

Mailing Address:
1011 Route 22 West
Suite 300
P.O. Box 6881
Bridgewater, NJ 08807

New York City Office:
40 Wall Street, 28th Floor
New York, NY 10005

Long Island Office:
7 Bayview Ave.
Northport, NY 11768

Reply to New Jersey Office Only
Must Include P.O. Box.

KRothschild@grsl.com

Tel: (908) 722-6300
Fax: (908) 722-0029
www.grsl.com

Tel: (212) 964-0120
Fax: (212) 566-3515

Tel: (631) 261-7777

October 16, 2014

Our File No. 31.77720

**BY ECF AND FIRST CLASS MAIL**

Honorable William H. Pauley, III, U.S.D.J.
US District Court, Southern District of NY
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Room 1920
New York, NY  10007

Re:   Hanover Ins. Co.v. Smith Bros., et al
        Case No.:  12 CV-4548 (WHP)

Dear Judge Pauley:

This office represents Smith Brothers Insurance ("SBI") in connection with the above captioned matter. This letter is a joint submission to the Court on behalf of both SBI and James Nelson, the co-defendant in the matter. As per Your Honor's instructions, SBI/Nelson anticipate filing the following motions in limine:

1.   **Motion to preclude use of "settlement letter."** Prior to Hanover's filing of this lawsuit, the parties were engaged in pre-suit voluntary exchange of documents and engaged in preliminary settlement discussions. In response to a Hanover presentation of its case during such settlement discussions, Hanover presented a three hour presentation of how it perceived its case and requested SBI/Nelson respond. At that time SBI/Nelson had not obtained Hanover's files and had only "scratched the surface" of investigation and discovery. Nevertheless, SBI's counsel wrote a responding letter outlining certain positions. The letter is clearly identified as being written for the purposes of settlement. The case did not settle. When SBI retained one of its experts and produced material for his review, a copy of SBI's position was provided to the expert by way of background. During the expert's deposition, Hanover raised questions about the letter. SBI objected to the use of the letter. SBI contends that the letter is not admissible for any purpose. It provided the expert with no facts which were not in the record elsewhere, and merely was an outline of the position SBI took in connection with this matter at the time it was authored by counsel. In addition, it was written by this office in the capacity as counsel for SBI and prior to counsel for Nelson even being involved

Golden, Rothschild, Spagnola, Lundell, Boylan & Garubo, P.C.

October 16, 2014
Page 2

in the case. While the letter was not "confidential" since it was sent to Hanover, its purpose was to discuss settlement and, in part, SBI's reasoning for its settlement position at that time.

2. **Motion to permit inspection of, and use of certain identified documents contained within the Torre Lentz underlying bond claims files**. The issue pertains to (1) whether the documents are privileged, and (2) if so, whether the privilege was waived either because they were shared with third parties and that the content of the documents is "at issue." This motion was filed before Magistrate Judge Cott (based on Your Honor's referral of a discovery dispute to him related to these documents) who denied the motion "without prejudice" because he felt that with respect to both arguments, a full record would have to be developed, and that it should be left for the trial court in order for the trial court to have a contextual setting for the motion. While this suggests that such a motion is not truly a motion that can be decided prior to trial because the factual context must be developed, SBI/Nelson believe it appropriate to raise it prior to trial so the Court will be aware of it while hearing testimony. In this way, the motion can be decided at the appropriate time during trial, which would likely be for cross examination during the plaintiff's case. In short, the handful of documents involved relate to (1) Hanover communications with is reinsurer assessing the exposure on two of the bond claims, and (2) counsel's analysis of the risk or exposure on two 2 of the bond claims. Since the reasonableness of payments in the underlying claims is at issue because it constitutes the majority of Hanover's claims for damages, and because the documents are clearly at odds with Hanover's ultimate payment on the bond claims. SBI/Nelson contend that these document raise serious questions as to the reasonableness of those payments and, at a minimum, should be available to SBI/Nelson to attack those payments and thus, these documents are exceptions to the privilege rules since they relate directly to reasonableness of damages which is clearly "at issue." While Hanover can offer testimony to explain away these contradictions between the advice and analysis contained in these documents and the amounts Hanover paid. SBI/Nelson should be permitted to cross examine Hanover's witnesses through the use of the documents.

3. **Expert testimony**. Depending on the outcome of the pending motion before the Court relating to the withdrawal and replacement of SBI/Nelson's expert witness Brian Downey, SBI/Nelson will seek an order precluding the use of the deposition of Brian Downey for any purpose at trial. As the pending motion reveals, Mr. Downey's testimony was impacted by the cocktail of medications he was taking. His testimony was confused, non-responsive and, according to the medical records, influenced by the lack of sleep and the side effects of the drugs. In other words, his testimony was not competent. SBI/Nelson have advised Hanover that it is withdrawing Mr. Downey as an expert, that regardless of the outcome of the motion, that SBI/Nelson will not call Mr. Downey as an expert.

4. **Adverse inference**. Pursuant to your Honors instructions during the recent Pre-Motion Conference, the parties have been instructed that the Court will not permit "read-in" testimony of witnesses who are neither presented live in Court, nor where there is no videotape deposition. Some of the non-party witnesses are out of state and outside the reach of a subpoena to attend the trial. To that end, SBI/Nelson anticipate seeking an order that no adverse inference should result from a party's failure to produce a non-party witness. While because this is a bench trial and therefore there is no need to charge a jury, nevertheless, SBI/Nelson believe the Court should render

Golden, Rothschild, Spagnola, Lundell, Boylan & Garubo, P.C.

October 16, 2014
Page 3

a decision on this issue so that the parties understand whether or not the Court will apply such an inference in its analysis of the evidence presented.

At the present time, these motions are "anticipated" by SBI/Nelson, however it is possible, and even likely, that some may be withdrawn or addressed through other means prior to trial or during trial.

Choice of law is also an issue that the Court will ultimately have to address, however, SBI/Nelson do not believe that this is the type of issue that is contemplated by the use of a "motion in limine."

Thank you for your courtesies in connection with this matter.

Respectfully yours,

KENNETH R. ROTHSCHILD

KRR:gg
cc to counsel via email:
    Steven H. Rittmaster, Esq.
    Anthony J. Natale, Esq.
    Russell M. Gioiella, Esq.